**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASKIA J. NASH,                      :
                                    :   Civil Action No. 06-5540 (SDW)
       Plaintiff,           :
                                    :
    v.                              :   **OPINION**
                                    :
STUART RABNER, et al.,              :
                                    :
       Defendants.          :

**APPEARANCES:**

Plaintiff <u>pro se</u>
Askia J. Nash
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**WIGENTON**, District Judge

    Plaintiff Askia J. Nash, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on March 4, 2003, in connection with his criminal trial,[1] a hearing took place which included the testimony of a Dr. Matthew M. Schiff. The transcript of that hearing was not included in the record submitted to the Superior Court of New Jersey, Appellate Division, in connection with Plaintiff's appeal. Plaintiff alleges that this transcript was necessary to the appeal, because the trial court relied upon Dr. Schiff's testimony in denying Plaintiff's motion for new trial. Plaintiff's appeals were concluded without his knowledge that this transcript was missing. Sometime later, Plaintiff obtained a copy of his sentencing transcript, which confirmed that such a hearing occurred and that Dr. Schiff testified. Plaintiff contends that he was denied a fair appeal because of this missing transcript.[2]

---

[1] The New Jersey Department of Corrections Inmate Locator indicates that Plaintiff has been convicted of aggravated sexual assault, in violation of N.J.S.A. 2C:14-2a(1), and related offenses.

[2] It appears that Plaintiff's direct appeals are concluded. See State v. Nash, 187 N.J. 492 (2006) (denying certification).

Plaintiff names as defendants New Jersey Attorney General Stuart Rabner, Prosecutor Paula T. Dow, Assistant Prosecutor Nicole Amato, Assistant Prosecutor Joan Love, Court Reporter Supervisor Deborah Menzel, and Administrator of Courts Phillip Carchman. He seeks declaratory and injunctive[3] relief and compensatory and punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower

---

[3] Plaintiff does not describe the nature of the injunctive relief that he seeks.

3

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

4

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v.

5

Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

The claims against defendants Stuart Rabner, Paula T. Dow, and Phillip Carchman appear to be based solely on a theory of respondeat superior liability and, therefore, must be dismissed without prejudice.

## IV.   ANALYSIS

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not

seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

Relying upon Preiser, and anticipating Heck, the Court of Appeals for the Third Circuit has rejected as premature a claim

8

similar to that urged by Plaintiff, here.  See Tedford v. Hepting, 990 F.2d 745 (3d Cir.), cert. denied, 510 U.S. 920 (1993).  As here, the plaintiff in Tedford sought to bring a § 1983 action alleging that the district attorney, court reporters, and other officials had conspired to fraudulently alter the stenographic record of his criminal trial and related proceedings.  Tedford sought declaratory relief, an injunction mandating correction of the state trial transcripts, and compensatory and punitive damages.

> Analysis properly begins with the observation that plaintiff does not have a constitutional right to a totally accurate transcript of his criminal trial.  His constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding.  And, since the [trial court and jury] acted on the basis of the evidence they saw and heard, rather than on the basis of the written transcript of the trial - which was, of course, non-existent until after the trial was completed - this means that a constitutional violation would occur only if the inaccuracies in the transcript adversely affected appellate review in the state courts.
>
> . . .
>
> In the present case, ... the validity of plaintiff's criminal conviction is necessarily at issue.  Plaintiff seeks a declaration that his constitutional rights on appeal were violated; that is a direct challenge to the validity of the conviction and the legality of plaintiff's confinement.
>
> Plaintiff also seeks ... an injunction requiring the state court to correct the transcript of his criminal trial.  Assuming, without deciding, that this kind of intervention by a federal court into the administration of a state court could ever be justified, such justification can only be provided by

the United States Constitution. If the state criminal proceeding were still pending, a federal court would be barred by <u>Younger[ v. Harris</u>, 401 U.S. 37 (1971),] from granting the requested relief. Since, in appellant's case, the criminal proceeding is no longer pending, that barrier is overcome; but the relief requested could be justified only on the basis of a finding that the conviction was unconstitutionally obtained - again, a collateral attack upon the validity of the conviction and sentence, hence upon the legality of appellant's confinement. Stated otherwise, a federal court has no jurisdiction to inquire into the accuracy vel non of a state trial transcript in the abstract, but only if an assertion of a constitutional violation triggers the inquiry.

Finally, plaintiff is seeking compensatory and punitive damages. But, as observed at the outset, plaintiff cannot have been damaged by the inaccuracies in the transcript or by any of the alleged actions of the defendants, unless and until his conviction and sentence are vacated on constitutional grounds. If the actions complained of did not deprive plaintiff of a fair and adequate appellate review of his conviction, he cannot prevail on his damage claims. This § 1983 action is not the appropriate vehicle for setting aside the conviction and sentence.

...

We conclude, therefore, that plaintiff cannot obtain relief under 42 U.S.C. § 1983, on the grounds asserted in this case, absent a successful challenge to the underlying conviction.

<u>Tedford</u>, 990 F.2d at 747, 749, 750.

More recently, since the Supreme Court expanded and refined the <u>Preiser</u> rule in <u>Heck</u>, other federal courts have continued to reject as premature claims similar to that asserted here. <u>See</u>, e.g., <u>Rodriguez v. Carhart</u>, 73 F.3d 355, 1996 WL 7966 (1st Cir. 1996) (unpubl.); <u>Lee v. Jernigan</u>, 2006 WL 902268 (M.D. Ala. March 20, 2006) (recommendation of Magistrate Judge); <u>St. Germaine v.</u>

10

Eisenhower, 98 F.Supp.2d 1366 (S.D. Fla. 2000); Thomas v. Mengel, 1996 WL 84261 (E.D. Pa. Feb. 27, 1996); Tudisca v. Leary, 1995 WL 170142 (D. Mass. March 28, 1995).

In light of Tedford, the Complaint must be dismissed as premature and for failure to state a claim.

V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. Plaintiff cannot correct the deficiencies in the Complaint by amendment at this time. An appropriate order follows.

Susan D. Wigenton
United States District Judge

Dated: March 12, 2007